UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LESTER LEE SCARBOROUGH, JR.,

                                          Plaintiff,                9:12-CV-0559
                                                                         (GLS/RFT)
    v.

DAVID M. BILOW, et al.,

                                          Defendants.

---

APPEARANCES:                                            OF COUNSEL:

LESTER LEE SCARBOROUGH, JR.
Plaintiff, pro se

HON. ERIC T. SCHNEIDERMAN              LAURA A. SPRAGUE, ESQ.
New York Attorney General                     Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

      Plaintiff pro se Lester Lee Scarborough, Jr. commenced this civil rights action in March, 2012 asserting numerous claims arising out of his confinement at Upstate Correctional Facility.  *See* Dkt. No. 1.  By Decision and Order of this Court filed December 6, 2012, plaintiff's amended complaint was accepted for filing against several defendants with respect to the claims which survived sua sponte review in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  Dkt. No. 16.

      Following service of process, defendants filed a motion to revoke plaintiff's in forma pauperis status pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).  Dkt. No.

37.[1]  Plaintiff opposed the motion. Dkt. No. 49.

On February 25, 2014, United States Magistrate Judge Randolph F. Treece issued a Decision and Order granting defendants' motion to revoke plaintiff's in forma pauperis status and affording plaintiff thirty (30) days in which to pay the filing fee in full if he wished to avoid dismissal of this action. Dkt. No. 51 (the "February Order").[2]  The February Order further provided that if plaintiff did not timely pay the filing fee, the Clerk should forward this matter to this Court for dismissal.  *Id*. at 9.[3]

As of the date of this Decision and Order, plaintiff has not complied with the February Order, nor has he requested additional time in which to do so or otherwise communicated with the Court regarding his intentions in this matter.[4]

As a result, this action is dismissed without prejudice due to plaintiff's failure to pay the filing fee for this action.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED without prejudice** due to plaintiff's failure to pay the filing fee for this action; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly; and it is further

---

[1]  Defendants Bogett and Tulip were granted leave to join the motion after service was accomplished on them.  *See* Dkt. No. 47.

[2]  Magistrate Judge Treece found that plaintiff had acquired three strikes prior to the commencement of this action and had not demonstrated that he faced imminent danger of serious physical harm when he filed his complaint.  February Order at 9.

[3]  The fact that plaintiff has been released from incarceration does not alter Magistrate Judge Treece's finding that plaintiff is barred from proceeding in forma pauperis with this action that he brought while he was a prisoner.  *See Harris v. City of New York*, 607 F.3d 18, 20 (2d Cir. 2010) (affirming the district court's dismissal of plaintiff's complaint pursuant to Section 1915(g) despite his subsequent release from prison, noting that "[h]ad Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

[4]  There is no indication on the docket that the February Order was not received by plaintiff.

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: June 4, 2014
      Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court